UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

RHONDA WILBER,

    Plaintiff,

 -against-

UNITED STATES POSTAL SERVICE,
CHARLES L. NORRIS, JR., MANAGER
CUSTOMER SERVICE, VINCENT "VINNY"
NICOLOSI, SUPERVISOR, CEASAR RUIZ
POSTAL CARRIER,

    Defendants.
-----------------------------------------------------------x

10-CV-3346 (ARR)

<u>MEMORANDUM
AND ORDER</u>

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

ROSS, United States District Judge:

 Plaintiff Rhonda Wilber, proceeding *pro se*, filed this complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. She seeks $150 in damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The complaint is dismissed for lack of subject matter jurisdiction as set forth below.

## Background

 Plaintiff alleges that on September 8, 2009, defendants negligently delivered a package containing a Corelle Square Dinnerware set she purchased from Ebay by leaving the package outside her home. She never received the package. Plaintiff did not insure the package, but paid for "confirmation delivery." Thereafter, plaintiff complained to various supervisors and other personnel of the United States Postal Service ("USPS") and never received a satisfactory response. On November 30, 2009, plaintiff filed a federal form 95 --Claim for Damage Injury or Death--with the USPS office in Rockaway Beach. There was no response to plaintiff's claim. On July 19, 2010, she file the instant action.

## Standard of Review

In reviewing the complaint, the court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, a *pro se* plaintiff "must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 Fed. Appx. 194, 195, 2005 WL 906366 (2d Cir. Apr. 19, 2005) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## Discussion

An action against the USPS is an action against the United States. See Djordjevic v. Postmaster General, 911 F.Supp. 72, 74 (E.D.N.Y. 1995). The United States, however, is generally immune from suit under the doctrine of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the United States has waived its sovereign immunity from suit only as specified, except that the United States has <u>not</u> waived its sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) ("postal matter exception"); see generally Dolan v. USPS, 546 U.S. 481, 485 (2006); Gildor v. USPS, 179 Fed. Appx. 756, 2006 WL 1228691, at **2 (2d Cir. May 3, 2006) (affirming dismissal of plaintiff's tort claims alleging

negligence in the misdelivery of his package); Rosales v. USPS, No. 10-CV-2431, 2010 WL 2653381, at *3 (E.D.N.Y., June 22, 2010) (dismissing *pro se* complaint against USPS for loss of mail). Because plaintiff alleges that defendants were negligent in delivering her package on September 8, 2009, see Compl. at 1-6, the Court lacks jurisdiction to review the merits of such a claim pursuant to the FTCA's postal matter exception.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jurisdiction. The court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
August 2, 2010